In the Matter of BENEDICT S. GULLO (Admitted as BENEDICT STEPHEN GULLO, JR.), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 19, 1991

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*Jerome Karp* for respondent.

Per Curiam.

In this proceeding the Special Referee sustained nine charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee. The respondent submitted an affirmation in response thereto.

Charge One alleged that the respondent neglected a legal matter entrusted to him. Specifically, the respondent was retained in or about 1977 by a wife to obtain an increase in support payments from her ex-husband. The respondent received a $500 fee. In or about 1979 the wife and husband entered into a stipulation in court to increase the support payments by $60 a month. As of May 14, 1981, the date of the wife's complaint to the Grievance Committee, the respondent had failed to prepare and submit to the court the required order incorporating the terms of the stipulation.

Charge Two alleged that for a period of several years, the respondent failed to respond to repeated inquiries from his client concerning the status of the proceeding to obtain increased support from her ex-husband.

Charge Three alleged that the respondent failed to properly supervise nonattorneys employed in his law office. The respondent allowed two secretaries in his office to sign his name to various legal documents without identifying that they had done so.

Charge Four alleged that the respondent failed to promptly disclose that a fraud had been perpetrated upon a court. In or about May 1983, the respondent was retained to represent a husband in a divorce action. On or about October 6, 1983, the respondent's secretary signed the respondent's name to a stipulation of settlement in the matrimonial matter, as well as the wife's name. The stipulation was thereafter filed with the Supreme Court, Nassau County. Although the wife's attorney apprised the respondent in December 1983 of the forged signature of the wife on the stipulation, the respondent failed to take any steps to reveal this fact to the court.

Charge Five alleged that the respondent misrepresented the status of a legal matter to his clients. The respondent was retained in or about 1979 to represent the defendants in a personal injury action. Shortly thereafter, the respondent

falsely advised his clients that the action against them had been discontinued.

Charge Six alleged that the respondent neglected a legal matter entrusted to him. In or about November 1980 default judgments were entered against his clients who were the defendants in the personal injury action involved in Charge Five due to his failure to competently handle the case.

Charge Seven alleged that the respondent failed to advise his clients of the aforementioned default judgments for a period of six months, despite written and oral inquiries from his clients concerning the status of their case.

Charge Eight alleged that the respondent neglected an uncontested divorce action he was retained to handle by the husband on or about June 28, 1985. At a court appearance on July 12, 1985, the respondent's associate appeared with the client, who gave the associate the respondent's $500 fee, as well as an order to show cause, which had been served upon him and which was returnable in the Supreme Court, Nassau County, on July 23, 1985. In the order to show cause, the wife sought exclusive possession of the marital residence and temporary custody of their daughter. The respondent failed to appear on the return date of July 23, 1985, and as a result thereof, the relief requested by the wife was granted by the court.

Charge Nine alleged that the respondent failed to cooperate with the investigations of the Nassau County Bar Association and the Grievance Committee for the Tenth Judicial District. The respondent failed to promptly file answers to and submit updated information on three complaints which form the basis of the charges in the instant proceeding, despite repeated requests by the investigating committees.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all nine charges of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the evidence proffered in mitigation by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of three years commencing September 23, 1991, and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Benedict S. Gullo, admitted under the name Benedict Stephen Gullo, Jr., is suspended from the practice of law for a period of three years, commencing September 23, 1991, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the said period of three years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Benedict S. Gullo is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.